IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 6, 2010 Session

## ELIZABETH LEANNE HUDSON v. LARSON DOUGLAS HUDSON

**Circuit Court for Davidson County**
**No. 06D-533**

**For Publication**

———————

**No. M2008-01143-SC-R11-CV - Filed December 17, 2010**

———————

### ORDER

The matter before this Court arises from a petition to relocate filed by Elizabeth Leanne Hudson ("Mother") following her divorce from Larson Douglas Hudson ("Father") and the appeal from the trial court's order of May 22, 2008, granting the petition and awarding attorney's fees to Mother. We granted Father permission to appeal and scheduled the appeal for argument. Mother requests that Father's appeal be dismissed as moot. For the reasons stated below, we grant Mother's request. In addition, we vacate the trial court's order of May 22, 2008.

The divorce decree, entered on January 29, 2007, incorporated a Marital Dissolution Agreement and a Parenting Plan for the parties' two minor daughters. The Parenting Plan designated Mother as the primary residential parent and provided that the children would reside with Father for 135 days each year. The Parenting Plan also included stipulations as to the manner in which Mother and Father would share parenting responsibilities for their children, specifically with regard to schooling and child support.

On June 21, 2007, Mother filed a petition to relocate from Nashville, Tennessee, to Hopkinsville, Kentucky. Father opposed the petition. Tennessee Code Annotated section 36-6-108(d)(1) (Supp. 2008) governs this action and provides in pertinent part:

The parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:

(A) The relocation does not have a reasonable purpose;

(B)  The relocation would pose a threat of specific and serious harm to the child that outweighs the threat of harm to the child of a change of custody; or
(C)  The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.

The trial court conducted a hearing on the petition on April 14 and 15, 2008.  On May 22, 2008, the trial court granted the petition to relocate and amended the Parenting Plan to accommodate Mother's new residence.  The trial court also granted Mother attorney's fees.  Father appealed.  The Court of Appeals affirmed the trial court's judgment granting Mother's petition but reversed the trial court's award of attorney's fees.  We granted Father's application for permission to appeal.

After we granted permission to appeal, Mother filed with this Court a "Motion to Consider Post-Judgment Facts and To Dismiss Appeal."  She requested that the Court consider the following facts, for which she provided evidence:

(1)  Mother remarried on May 28, 2010, in Sumner County, Tennessee, and
(2)  Mother has relocated to Sumner County, Tennessee, and has filed . . . a Petition to Relocate to Tennessee, to Modify Parenting Plan, and for Other Relief.

Based on these facts, Mother asserts that Father's appeal is moot because the controversy that initiated Mother's petition to relocate no longer exists.

We will dismiss an appeal as moot when a case loses its controversial character.  West v. Vought Aircraft Indus., Inc., 256 S.W.3d 618, 625 (Tenn. 2008) (quoting McCanless v. Klein, 188 S.W.2d 745, 747 (Tenn. 1945)).  The party asserting that the case is moot has the burden of producing facts showing that the case lost its controversial character because of the voluntary cessation of the conduct challenged by the legal action.  Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty., Tenn., 301 S.W.3d 196, 206 (Tenn. 2009).

Father does not dispute Mother's proffered facts.  These facts are sufficient to show that this matter has lost its controversial character because Mother has returned to Tennessee and is residing in Sumner County.  Father asserts, however, that dismissal of this appeal would leave the trial court's order unchallenged and would permit Mother to return to Kentucky if she desired to do so.  He contends that Mother's move therefore "could be of such short duration that it could evade judicial review."  In addition, he alleges that he has suffered collateral consequences from the trial court's decision to permit Mother to relocate.

This Court may refrain from dismissing an appeal as moot when "the challenged conduct is capable of repetition and of such short duration that it will evade judicial review." Id. at 204. Father is correct that dismissal of the appeal without more would leave the Amended Parenting Plan in effect and would not prevent Mother from returning to reside in Kentucky. Our decision to vacate the trial court's order, however, will remove this possibility and will ensure that matters concerning the future relocation of either parent will be governed by the parties' original Parenting Plan entered on the date of the divorce and by Tennessee Code Annotated section 36-6-108(d)(1). Modifications to the parenting plan will continue to require mediation or approval by the trial court pursuant to the parties' Parenting Plan. Accordingly, there is little risk that judicial remedies will not be sufficient if Mother again attempts to relocate out of state.

We also may refrain from dismissing an appeal as moot when collateral consequences remain following the dismissal of the appeal. Norma Faye Pyles Lynch Family Purpose LLC, 301 S.W.3d at 204. This exception applies to prejudicial collateral consequences. See, e.g., EEOC v. Fed. Express Corp., 558 F.3d 842, 847 (9th Cir. 2009) (quoting Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 122 (1974)); Hamilton ex rel. Lethem v. Lethem, 193 P.3d 839, 845-48 (Haw. 2008). Such collateral consequences can include the continued effect of an order that has expired or is invalid. See, e.g., Putman v. Kennedy, 900 A.2d 1256, 1263 (Conn. 2006) (holding as a collateral consequence the effect of an expired domestic violence restraining order on the reputation of an appellant and on subsequent child custody issues); May v. Carlton, 245 S.W.3d 340, 344 & n.3 (Tenn. 2008) (citing Carafas v. LaVallee, 391 U.S. 234, 239 (1968)) (holding as a collateral consequence restrictions on voting, holding public office, or serving as a juror that remain following an invalid conviction for which the petitioner is no longer in custody).

Father asserts that the trial court's order granting the petition has the collateral consequences of depriving him of twenty-eight days of residential time with his children and removing the children from the school designated in the Parenting Plan. Additionally, the trial court's order awarded Mother attorney's fees and costs related to her petition to relocate, and Father contends that he is entitled to attorney's fees and costs because Mother's motive for relocating was vindictive. While we are sympathetic to Father's arguments, he has not described prejudicial collateral consequences necessary to invoke this exception to the mootness doctrine. The consequences that Father has suffered will not prejudice him in future litigation with Mother regarding his child-related issues and will not subject him to the continued effect of an order that is no longer valid. Our order vacating the trial court's order of May 22, 2008, restores the parties, to the extent possible, to their original positions prior to the entry of the trial court's order. Father therefore has not shown that we should refrain from dismissing his appeal as moot.

Father requests that we remand the case to another trial judge because the actions of the current trial judge demonstrate a bias against Father. Father did not file a motion for disqualification of the trial judge. During the hearing on the petition to relocate, Father's attorney stated to the trial court, "Judge, if I thought you couldn't [give Father a fair trial] I would have asked you to recuse yourself, and I didn't ask you to do that." We are unwilling to assign a new trial judge on remand when no motion for recusal was filed in the trial court. Bailey v. Blount Cnty. Bd. of Educ., 303 S.W.3d 216, 239-40 (Tenn. 2010).

We therefore grant Mother's motion to consider post-judgment facts and dismiss Father's appeal as moot. We further vacate the trial court's order of May 22, 2008, and remand this case to the trial court for proceedings consistent with this order. Costs of this appeal are assessed against petitioner and appellee, Elizabeth Leanne Hudson, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE