IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2012

# TIMMY HERNDON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 98-06543     James M. Lammey, Jr., Judge**

**No. W2011-01435-CCA-R3-HC  - Filed November 20, 2012**

The Petitioner, Timmy Herndon, appeals from the Criminal Court of Shelby County's summary dismissal of his petition for habeas corpus relief.  In 1999, the Petitioner was convicted of aggravated robbery and received a fifteen-year sentence.  Two months before his parole was set to expire, the Petitioner, acting pro se, filed a twenty-two page petition for habeas corpus relief alleging a variety of issues all related to the constitutionality of the aggravated robbery statute upon which he was convicted.  The habeas corpus court dismissed the petition as moot because, at the time of the hearing, the Petitioner's sentence and parole had expired.  In this appeal, the Petitioner presents the following issues for our review: (1) whether he is entitled to a hearing because he filed his petition for habeas corpus relief prior to the expiration of his sentence and parole; (2) whether his claim presents "a present and live, controversy"; (3) whether "'potential' merits" to his claim exist which entitle him to appointed counsel; and (4) whether the habeas corpus court's order summarily dismissing his petition is void because the court "acted without subject matter jurisdiction."  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Timmy Herndon, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ross Dyer, Assistant District Attorney General, for the Appellee, State of Tennessee.

1

**OPINION**

**Background.** In 1999, the Petitioner was convicted of aggravated robbery after a jury trial, and in 2000, he was sentenced as a Range II, multiple offender to fifteen years imprisonment. In the Petitioner's direct appeal, which was affirmed by this court in State v. Timmy Herndon, No. W2000-01228-CCA-MR3-CD, 2001 WL 846033 (Tenn. Crim. App., July 20, 2001) (Herndon I), the sole issue presented for review was a challenge to the sufficiency of the evidence supporting his conviction. In 2003, the Petitioner appealed the denial of his "Motion to Rectify Clerical Mistakes Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure" alleging that his sentence classification was in error due to convictions that had not been properly "purged" from his criminal history. State v. Timmy Herndon, No. W2001-02981-CCA-R3-CD, 2003 WL 21339297 at *1 (Tenn. Crim. App., May 2, 2003) (concluding no appeal of Rule 36 motion and dismissing for failure to comply with strict procedural requirements of habeas corpus or certiorari relief) (Herndon II). In 2003, the Petitioner filed his first petition for writ of habeas corpus claiming that his aggravated robbery conviction violated principles of double jeopardy because the general sessions criminal court had conducted a preliminary hearing in the case. This Court affirmed the habeas corpus court's summary dismissal of the petition by memorandum opinion. Timmy Herndon v. Glen Turner, Warden, No. W2003-00839-CCA-R3-CO, 2003 WL 23100814 (Tenn. Crim. App., Dec. 31, 2003) (Herndon III).

On December 13, 2010, the Petitioner filed his second pro se petition for writ of habeas corpus, the case sub judice, in the Shelby County Circuit Court claiming that his conviction was void because it was based on an unconstitutional criminal statute. At that time, he was on parole and provided a residential address for himself. Upon the State's motion, the circuit court transferred the matter to the Criminal Court of Shelby County, which dismissed the petition following brief argument of the State and the Petitioner on June 10, 2011. In its order, the habeas corpus court stated that the Petitioner was "no longer restrained of his liberty by his 2000 conviction for aggravated robbery" and dismissed the petition as moot. This appeal followed.

**ANALYSIS**

**I. Justiciability.**[1] Although the Petitioner concedes that his sentence and parole have now expired, he contends, relying primarily upon our opinion affirming the summary dismissal of his first habeas petition, Herndon III, that his sentence is not moot because he

---

[1]For clarity, we have combined the Petitioner's issues under one heading.

filed his petition seeking habeas relief before his sentence expired. In response, the State contends that the habeas corpus court properly dismissed the petition because "the scope of the writ of habeas corpus in Tennessee does not permit inquiry into facts outside of the original trial record, [and] the [petitioner] is not entitled to a hearing to introduce extrinsic evidence collaterally attacking the jurisdiction of the convicting court." State vs. Richie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 158 (Tenn. 1993)).

In determining whether to grant habeas corpus relief, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64)). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

Pursuant to Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The term "imprisoned" means "actual physical confinement or detention." Hickman v. State, 153 S.W.3d 16, 22 (Tenn. 2004). However, a petitioner is "restrained of liberty" if "the

3

challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." Id. (citations omitted); see Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004). "The phrase 'restrained of liberty' has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." Benson, 153 S.W.3d at 31 (citing Hickman, 153 S.W.3d 16, 22-23 (Tenn. 2004)). The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is basically a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. See Benson, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."); see also T.C.A. § 29-21-107(b) (2006).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

In this case, the Petitioner contends, and the State concedes, that he has complied with the procedural requirements for filing habeas corpus relief. Additionally, there is no question that the Petitioner was on parole when he filed the instant petition and that his parole had expired by the time the petition was scheduled to be heard by the habeas court. The Petitioner argues that the habeas court erred in denying him a hearing on the merits of the petition, because, as in Herndon III, he filed his petition prior to the expiration of his sentence while he was in "constructive custody" and "restrained of his liberty." In response, the State contends that the summary dismissal was proper because the Petitioner was no longer restrained of his liberty, his movement was not restricted, and there was no risk of further incarceration based on the conviction itself.

We agree with the Petitioner and conclude that the habeas corpus court erred in summarily dismissing the petition seeking habeas corpus relief because it was moot. The Petitioner was released on parole when he filed his petition for habeas relief on December

4

13, 2010. His parole was not set to expire until February 7, 2011, almost two months later. In Herndon III, this Court recognized that

> While the normal function of the writ is to provide for those persons physically imprisoned, the application of the writ has been expanded to persons who are determined to be in constructive custody. In other words, the writ is available to persons who may later lose their liberty and be eventually incarcerated. A parolee is deemed in constructive custody until the expiration of the parole period.

Id. at *1 (internal citations omitted). Moreover, Tennessee courts have considered parole to be a restraint on liberty for purposes of filing a habeas petition. See Benson, 153 S.W.3d at 31; Hickman, 153 S.W.3d at 22-23.[2] The fact that the petition was not scheduled to be heard by the habeas corpus court until after the Petitioner's parole had expired was not due to the Petitioner's failure to act. Accordingly, based on the above authority, we conclude that the habeas court erroneously dismissed the petition as moot.

Although the habeas corpus court erred in invoking the "mootness" rule, we conclude that the Petitioner is not entitled to relief. The Petitioner asserts that his judgment is void because it "references an unconstitutional criminal statute." Here, the Petitioner alleges that the Tennessee General Assembly failed to include an "enacting clause" in Tennessee Code Annotated Section 39-13-402, the aggravated robbery statute, as required by the Tennessee Constitution. In order to prove his point, the Petitioner attached to his petition some three hundred pages which include a copy of the handwritten Tennessee Constitution and portions of the Tennessee Senate and House journals. The State notes, and we agree, that the documents the Petitioner attached to his petition "were not part of the record in the convicting court and are clearly beyond the face of the judgment." "[A] petitioner is not entitled to habeas corpus relief unless that petitioner can show from the record or the face of the judgment that the court of conviction lacked jurisdiction or is otherwise void." State v. Ritchie, 20 S.W.3d 624, 631 (Tenn. 2000) (stating that "the scope of the writ of habeas corpus in Tennessee does not permit inquiry into facts outside of the original trial record" and denying petitioner a hearing to introduce extrinsic evidence collaterally attacking the

---

[2]Additionally, courts should "refrain from dismissing an appeal as moot when collateral consequences remain following the dismissal of the appeal. . . . Such collateral consequences can include the continued effect of an order that has expired or is invalid." Hudson v. Hudson, 328 S.W.3d 863, 865-66 (Tenn. 2010) (citing May v. Carlton, 245 S.W.3d 340, 344 & n. 3 (Tenn. 2008) (citing Carafas v. LaVallee, 391 U.S. 234, 239, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)) (holding as a collateral consequence restrictions on voting, holding public office, or serving as a juror that remain following an invalid conviction for which the petitioner is no longer in custody).

jurisdiction of the convicting court). Accordingly, the Petitioner has failed to establish that his judgment is facially invalid because the trial court lacked jurisdiction or authority to render the judgment.

Finally, as we understand the Petitioner's argument, he attempts to collaterally attack his conviction by challenging the jurisdiction of the habeas corpus court. He argues that the habeas corpus court's order summarily dismissing his petition was "void" because that court lacked subject matter jurisdiction. Here, the Shelby County Criminal Court clearly had jurisdiction over the Petitioner's habeas corpus claim. See T. C. A. §29-21-103 (2000) (authorizing any judge of the circuit or criminal courts to grant a writ of habeas corpus). This issue is without merit.

## CONCLUSION

Based on the above authority and analysis, we conclude that the habeas court erred in dismissing the petition for habeas corpus relief as moot. Nevertheless, we conclude that the Petitioner is not entitled to relief because he has failed to establish that the convicting court was without jurisdiction to sentence him. Accordingly, the judgment of the habeas court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

6