IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2016 Session

## JON R. ROSS v. ANNA L. ROSSWOODS

**Appeal from the Circuit Court for Montgomery County**
**No. 50400969       William R. Goodman, III, Judge**

_____

**No. M2015-01475-COA-R3-CV – Filed May 19, 2016**
_____


This appeal involves a post-divorce parental relocation. The mother notified the father that she intended to relocate outside of Tennessee with the parties' minor son. The father filed a petition opposing the relocation on the grounds that it would not be in the child's best interest; the petition was filed outside the 30-day filing period set forth in Tennessee Code Annotated section 36-6-108. The trial court excused the untimely filing of the father's petition, reasoning that the mother waived the defense by failing to plead it as an affirmative defense. After a hearing, the court found that the mother's proposed move would not be in the child's best interest. The mother now appeals. We conclude that the mother was not required to raise the untimely filing as an affirmative defense. Because the father failed to file a written petition opposing the mother's relocation within 30 days of receiving notice of her proposed relocation, the trial court erred in conducting any further analysis under Section 36-6-108. We therefore reverse the judgment of the trial court and remand this case for such further proceedings as may be necessary and consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

George Davis, Brentwood, Tennessee, for the appellant, Anna L. Rosswoods.

Larry B. Watson, Clarksville, Tennessee, for the appellee, Jon R. Ross.

# OPINION

## I. BACKGROUND AND PROCEDURAL HISTORY

Anna L. Rosswoods ("Mother") and Jon R. Ross ("Father") are the parents of one child, a son, born in May 2002. Mother and Father were divorced in 2005 after approximately four years of marriage. The Final Decree of Divorce incorporated a Parenting Plan that allowed the parties roughly equal parenting time and named Mother the primary residential parent.[1]

In a letter dated December 11, 2014, Mother notified Father of her intent to relocate with the parties' child to Greenville, North Carolina in light of her acceptance to the Physician Assistant Studies program at East Carolina University. The letter provided Mother's new address and indicated that the child would have his own bedroom and access to adequate medical, therapeutic, and educational resources. Additionally, the letter stated that Father "may file a statement of opposition to this relocation within thirty days of receipt of this letter or contact me directly to coordinate increased [parenting] time." Mother sent the letter to Father by certified mail, and Father acknowledged it on December 16, 2014.

On January 20, 2015, 35 days after the date he received Mother's letter, Father filed a petition opposing Mother's relocation with the child. The petition alleged that relocation would not be in the child's best interest and requested that the Parenting Plan be modified to designate Father the child's primary residential parent. In response, Mother filed an answer denying that the move would not be in the child's best interest and requesting that she be allowed to relocate. Mother also filed a counter-petition for modification urging the court to adopt a proposed Parenting Plan allowing Mother 285 days of parenting time with the child and allowing Father 80 days with the child. Mother did not reference the timeliness of Father's petition in either filing.

A hearing on the matter was scheduled for May 27, 2015. On May 20, 2015, Mother submitted a pretrial brief arguing for the first time that the trial court should dismiss Father's petition on the grounds that it was not timely filed. Mother asserted that because Father's petition was not filed until after the 30-day period set forth in Tennessee Code Annotated section 36-8-108 expired, she should be permitted to move with the child to North Carolina.

The trial court held a hearing on May 27 and June 8, 2015. On June 22, 2015, the court issued a memorandum opinion denying Mother's relocation. The court held that the

---

[1] The Parenting Plan provided, "[t]he child shall reside with the Mother from Sunday at 7:00 p.m. until Thursday at noon and with the Father from Thursday at noon until Sunday at 7:00 p.m."

untimely filing of Father's petition was an affirmative defense that Mother waived by failing to raise it in a timely manner. The court further held that because the parties were spending substantially equal parenting time with the child, its decision whether to permit relocation of the child should be based on the best interests of the child. *See* Tenn. Code Ann. § 36-6-108(c). The court conducted a best interest analysis and determined that relocation would not be in the child's best interest. Accordingly, the court held that if Mother moved to North Carolina, the Parenting Plan should be modified to designate Father the child's primary residential parent with Mother receiving certain specified parenting time during summer months and other school breaks.[2] On July 22, 2015, the court entered a final order incorporating the findings and conclusions of its memorandum opinion. Mother timely appealed to this Court.

## II. ISSUES

Mother raises the following issues, slightly restated from her brief:

1. Whether the trial court erred in failing to dismiss Father's petition in opposition to relocation as not being timely filed.

2. Whether the trial court erred in finding that Mother and Father spent substantially equal intervals of time with the child.

3. Whether the trial court erred in failing to apply Tennessee Code Annotated section 36-6-108(d).

4. Whether the trial court erred in finding that relocation would not be in the child's best interest.

Father raises the following additional issue, slightly restated from his brief:

1. Whether the issue before the court is moot because the purpose of Mother's relocation has expired.

## III. STANDARD OF REVIEW

The issues presented in this appeal require the interpretation of Tennessee Code Annotated section 36-6-108. The interpretation of a statute presents a question of law, which

---

[2] The court held that if Mother did not move to North Carolina, the existing Parenting Plan should remain in effect.

we review do vovo, with no presumption of correctness. *Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 573 (Tenn. 2015). As the Tennessee Supreme Court has explained:

> When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning. The courts must examine the language of the statute and, if the language is unambiguous, apply the ordinary and plain meaning of the words used. Furthermore, every word in a statute is presumed to have meaning and purpose. In short, "[t]he cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aides to that end."

*U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 377 S.W.3d 381, 386 (Tenn. 2009) (citations omitted).

## IV. DISCUSSION

As an initial matter, we address Father's contention that this appeal is moot because the reason for Mother's relocation no longer exists. We will dismiss an appeal as moot when a case loses its controversial character. *Hudson v. Hudson*, 328 S.W.3d 863, 865 (Tenn. 2010). The party asserting that the case is moot has the burden of producing evidence showing that the case has lost its controversial character because of the voluntary cessation of the challenged conduct. *Id*. Father contends that this appeal is moot because Mother was accepted to begin classes at East Carolina University in August 2015 and there is no evidence in the record to reflect that she would be permitted to defer enrollment to a subsequent year. However, there is no evidence in the record showing that Mother would not be permitted to enroll at a later date if she desired to do so. Father has not met his burden of producing evidence to show that the case has lost its controversial character. We therefore decline to dismiss this appeal as moot and will proceed to address the substantive issues raised by the parties.

Parental relocation in Tennessee is governed by Tennessee Code Annotated section 36-6-108. The procedure set forth by that statute has previously been explained by this Court:

> "In 1998, our state legislature enacted Tennessee Code Annotated section 36-6-108, which applies when a parent seeks to relocate outside the state or more than 100 miles away from the other parent residing within the state." The statute was enacted to provide consistency in relocation proceedings. It provides that a parent who desires to relocate shall send notice by mail to the other parent of his or her intent to move at least sixty days prior

to the move unless excused by a court for exigent circumstances. Tenn. Code Ann. § 36-6-108(a). The notice must contain the location of the proposed new residence, reasons for the proposed relocation, and a statement that the other parent may file a petition in opposition to the move within thirty days. [Tenn. Code Ann. § 36-6-108(a)]. In the event no petition in opposition to the proposed relocation is filed within thirty days of receipt of the notice, the parent proposing to relocate with the child shall be permitted to do so. Tenn. Code Ann. § 36-6-108(g).

Under the statute, the appropriate standard to be applied when the other parent does file a petition in opposition to removal of the child depends upon whether the parents actually spend substantially equal amounts of time with the child. Thus, the trial court must first decide whether the parents are "actually spending substantially equal intervals of time with the child." Tenn. Code Ann. § 36-6-108(c), (d). If they do, no presumption in favor of or against relocation arises, and the court decides the petition to relocate on the basis of the child's best interest. Tenn. Code Ann. § 36-6-108(c). "The approach differs if the parents are 'not actually spending substantially equal intervals of time with the child.'" The statute "reflects a legislatively mandated presumption in favor of relocating custodial parents who spend 'the greater amount of time with the child.'" If the parent who seeks to relocate with the child spends the greater amount of time with the child, the court "shall" permit the relocation unless the other parent can establish that the relocation: 1) does not have a reasonable purpose; 2) poses a threat of specific and serious harm to the child that outweighs the threat of harm from a change of custody; or 3) is due to a vindictive motive in that it is intended to defeat or deter visitation rights of the other parent. Tenn. Code Ann. § 36-6-108(d). The parent opposing the relocation bears the burden of proof to establish one of these three grounds, and if he or she fails to do so, the relocation shall be permitted. If one of these three circumstances is shown, the court then proceeds to a best interest analysis. Tenn. Code Ann. § 36-6-108(e).

*Rutherford v. Rutherford*, 416 S.W.3d 845, 848-49 (Tenn. Ct. App. 2013) (case citations omitted).

As explained above, Section 36-6-108(g) provides that a parent who wishes to oppose another parent's relocation with the child must file a petition in opposition within 30 days of receiving notice of the proposed relocation. Specifically, that subsection states, "[i]n the event no petition in opposition to a proposed relocation is filed within thirty (30) days of receipt of the notice, the parent proposing to relocate with the child shall be permitted to do

so." Here, it is undisputed that Father's petition in opposition was filed 35 days after he received notice of Mother's intent to relocate. However, because Mother failed to raise it in her answer or counter-petition, the trial court excused Father's untimely filing and proceeded to consider the merits of Mother's relocation.

On appeal, Mother argues that the trial court erred in continuing with its analysis of Mother's relocation despite the untimely filing of Father's petition. She asserts that because Father's petition was filed outside of the 30-day filing period set forth in Section 36-6-108(g), he waived the opportunity to oppose her relocation, and she should have been automatically allowed to relocate with the child without further consideration by the trial court. Father, on the other hand, argues that because waiver is specifically enumerated as an affirmative defense in Rule 8.03 of the Tennessee Rules of Civil Procedure, it must be affirmatively set forth in a party's responsive pleading in order for that party to rely on it later in the proceeding. *See* Tenn. R. Civ. P. 8.03. He submits that the trial court's ruling that Mother was barred from raising the defense after she failed to raise it in her answer or counter-petition was correct.

Rule 8.03 requires that a party "set forth affirmatively facts in short and plain terms relied upon to constitute" an affirmative defense. The rule goes on to list several affirmative defenses, including waiver. *Id.* Generally, a party that fails to raise an affirmative defense in a responsive pleading will not be permitted thereafter to introduce evidence of it over the opposing party's objection. *See Pratcher v. Methodist Healthcare Memphis Hosp.*, 407 S.W.3d 727, 735 (Tenn. 2013). Some defenses, however, "because of their particular nature, are not waived even though they may be denominated as affirmative defenses." *See* Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* 5-4(i) (4th ed. 2015). For example, this Court has held that when the intent of a statutory provision is to restrict the courts' authority in certain situations, application of the statute cannot be waived. *See, e.g., City of Lavergne v. S. Silver*, 872 S.W.2d 687, 690-91 (Tenn. Ct. App. 1993) (holding that governmental immunity may not be waived). The parties have not cited any Tennessee authority addressing the precise question of whether it is necessary to raise the untimely filing of a petition opposing relocation as an affirmative defense. We must therefore determine whether, by enacting Section 36-6-108(g), the legislature intended to establish a defense of untimely filing in parental relocation cases or whether its intent was to restrict the courts' authority to interfere with a parent's relocation when no petition opposing the relocation is filed within 30 days of notice.

This Court recently considered the effect of Section 36-6-108(g) in a divided opinion in *Rutherford v. Rutherford*, 416 S.W.3d 845 (Tenn. Ct. App. 2013). In that case, as in the one before us, the mother notified the father of her intent to relocate with the parties' minor child, and the father filed a petition opposing the relocation after the expiration of the 30-day

- 6 -

filing period. *Id*. at 846-47. The mother responded by filing a petition to relocate, in which she noted the father's failure to file a petition within the 30-day period and therefore requested permission to relocate. *Id*. at 847. Thereafter, the father filed a motion asking the trial court to grant an enlargement of time based on his excusable neglect in filing his petition. *Id*. Following a hearing, the trial court found that the father's excusable neglect was not at issue because the 30-day period for filing a petition was permissive rather than mandatory. *Id*. at n.2. The trial court excused the untimely filing of the father's petition opposing relocation and denied the mother's petition to relocate, reasoning, "[t]here is no proof of harm or prejudice to Mother resulting from the date of his filing." *Id*. In a divided opinion, this Court reversed, holding that the legislature intended the 30-day filing period of Section 36-6-108(g) to be mandatory:

> Section 36-6-108 mandates that a parent wishing to oppose relocation file a petition in opposition within thirty days of receipt of notice of the proposed relocation. If no written petition in opposition is timely filed, the parent proposing to relocate with the child shall be permitted to do so, notwithstanding the absence of harm or prejudice to the relocating parent due to the untimely petition. Because Father failed to file a written petition in opposition to Mother's proposed relocation within thirty days of receipt of her certified letter, we find the trial court erred in conducting any further analysis pursuant to section 36-6-108.

*Id*. at 853-54.

Notably, the Court's opinion in *Rutherford* did not discuss the effect of the father's motion requesting an enlargement of the 30-day filing period based on excusable neglect, noting only that the issue was not pursued on appeal. *Id*. at 847 n.2. As such, Judge, now Justice, Kirby wrote a concurring opinion to discuss the applicability of Rule 6.02 of the Tennessee Rules of Civil Procedure to Section 36-6-108. *See id.* at 854 (Kirby, J., concurring). In pertinent part, Rule 6.02 "grants the trial judge wide latitude to enlarge on statutory or rule mandated limitations for the performance of acts required or allowed to be done within a specified time." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 98 (Tenn. 1994). If a Rule 6.02 motion is filed after expiration of the specified time period, the trial judge may enlarge the time period in its discretion "where the failure to act was the result of excusable neglect." Tenn. R. Civ. P. 6.02. Judge Kirby concluded that, assuming that the father's motion requesting enlargement of the 30-day filing period constituted a Rule 6.02 motion,[3] the application of Rule 6.02 to excuse the untimely filing of a petition opposing

---

[3] Judge Kirby was hesitant to conclude that the father actually filed a Rule 6.02 motion, stating that "the question of whether Father in this case actually filed a Rule 6.02 motion to enlarge time appears far from

relocation would not be consistent with the language, history, and intent of Section 36-6-108. *Rutherford*, 416 S.W.3d at 854-55 (Kirby, J., concurring). In reaching that conclusion, she explained the history and purpose of the statute:

> In [*Webster v. Webster*, No. W2005-01288-COA-R3-CV, 2006 WL 3008019 (Tenn. Ct. App. Oct. 24, 2006)], the Court noted first that, years ago in Tennessee, "the custodial parent had virtually unfettered authority to move the child away from the non-custodial parent, regardless of the reason or the effect on the child's relationship with the non-custodial parent." *Id.* at *10 (citations omitted). As time went on, the value of involving both parents in child-rearing became more widely recognized. As there was no statute governing the issue, trial court decisions varied widely. The Tennessee Supreme Court, struggling with clarifying the law for trial courts and parents alike, issued a confusing series of decisions that sparked an increase in parental relocation cases and were "admittedly obscure." *Id.* at *11.

> In an effort to quell the confusion and settle the law, the Tennessee Supreme Court issued its decision in *Aaby v. Strange*, 924 S.W.2d 623 (Tenn.1996). The *Aaby* case set forth a framework for parental relocation cases, and stated expressly that its goals were to "(1) limit[ ] judicial intervention in post-divorce family decision-making, and (2) mak[e] disputes easier of resolution if they must be litigated." *Webster*, 2006 WL 3008019, at *11 (quoting *Aaby*, 924 S.W.2d at 629). The standard adopted by the *Aaby* Court "made it quite difficult for a non-custodial parent to defeat the custodial parent's petition to relocate." *Id.* at *12. *Aaby* also included a spirited dissent. *Id.* at *12-13.

> In the wake of *Aaby*, Tennessee's legislature enacted a parental relocation statute that largely followed the *Aaby* framework but also incorporated some of the elements advocated by the dissent. *Id.* at *13. Importantly for our purpose in this case, the *Webster* Court describes the structure of the parental relocation statute as "rigid," designed to "facilitate[ ] the goals, reiterated in *Aaby*, of limiting judicial intervention and making disputes easier to resolve if they must be litigated." *Id.* at *14.

---

clear." *Id*. at 854 (Kirby, J., concurring). She nevertheless discussed the applicability of Rule 6.02 assuming *arguendo* that he did. *Id*. In a dissenting opinion, Judge Stafford concluded that the father's motion seeking an enlargement of the 30-day filing period constituted a Rule 6.02 motion. *Id*. at 858 (Stafford, J., dissenting). He further concluded, "the proper disposition of this appeal is to remand to the trial court for specific findings of fact and conclusions of law on the issue of Father's excusable neglect." *Id*. at 860.

Against this backdrop, we can see that applying Rule 6.02 to Section 36-6-108 to permit trial courts to enlarge the 30-day mandatory deadline set forth in the statute is inconsistent with the history and intent of Tennessee's parental relocation statute. Rather than leave the decision in parental relocation matters to trial courts, with widely varying approaches, results, and timelines, the legislature chose to enact a statute with a mandatory structure that drastically limits the trial court's discretion and compresses the timeline for resolution.

The reason for this is clear. Parental relocation cases are often prompted by a time-sensitive opportunity for the custodial parent, such as a job offer. If the parent opposing relocation is permitted to unduly delay, the opportunity for the custodial parent may be lost. The legislature made a policy decision to permit the non-custodial parent to file a petition opposing the relocation, but only within the "rigid" structure of the statute, to limit judicial intervention and get the case resolved quickly. Allowing a trial court to apply Rule 6.02 to enlarge the deadline for initiating the action opens the door for the exception that swallows the rule, and is counter to the history and intent of the parental relocation statute.

Parental relocation cases are frequently heartbreaking, with profound competing considerations and impact on both parents and the subject children. Delay does not improve them. The legislature has enacted a statute with explicit directions to the courts on the resolution of such cases, and we are required to follow the clear legislative directives in the statute.

*Id*. at 854-55.

Although, as Father points out, Rule 8.03 was not specifically at issue in *Rutherford*, the case, particularly the above-quoted portion of Judge Kirby's concurrence, is instructive here. As Judge Kirby explained, the legislature enacted Section 36-6-108 to provide a rigid, mandatory structure in parental relocation cases that "drastically limits the trial court's discretion and compresses the timeline for resolution." *Id*. at 855. As such, it is clear that the legislature intended subsection (g) of the statute to restrict a trial court's authority to interfere with a parent's proposed relocation unless the parent opposing the move files a petition within 30 days of receiving notice.

Based on the foregoing, we conclude that Mother was not required to raise the untimely filing of Father's petition in opposition to relocation as an affirmative defense. Once the mandatory 30-day filing period passed without Father filing a petition opposing

Mother's relocation, Mother was free to relocate with the child without Father's consent or a court order as long as her notice to Father met the requirements of Section 36-6-108(a).[4] The trial court therefore erred in excusing Father's untimely filing and proceeding to consider the merits of Mother's proposed relocation with the child.[5] Our resolution of this issue pretermits consideration of the remaining issues raised on appeal.

### V. Conclusion

For the foregoing reasons, we reverse the order of the trial court denying Mother's petition to relocate and remand this case to the trial court for such further proceedings as may be necessary and are consistent with this Opinion. The costs of this appeal are taxed to the appellee, Jon R. Ross, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

---

[4] We note that the portion of Mother's letter that set forth the procedure for opposing relocation stated that Father could file a "statement of opposition" rather than a "petition in opposition" as provided in Section 36-6-108(a)(4). We do not find the distinction harmful as the letter also cited Section 36-6-108. In any event, Father has not taken issue with the sufficiency of Mother's notice.

[5] It is important to note that the untimely filing of Father's petition does not restrict the court's authority with respect to issues other than a change in custody related to the move. Tenn. Code Ann. § 36-6-108(g) ("Nothing in this section shall prohibit either parent from petitioning the court at any time to address issues, such as, but not limited to, visitation, other than a change of custody related to the move.").