IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 10, 2021 Session

## AMY ELIZABETH LUKER v. TERRY EUGENE LUKER

**Appeal from the Chancery Court for Williamson County**
**No. 46595     Robert E. Lee Davies, Senior Judge**

_____

### No. M2021-00758-COA-R3-CV
_____

This appeal involves a finding of civil contempt pursuant to Tennessee Code Annotated section 29-9-104 for Husband's failure to adhere to an alimony provision in a marital dissolution agreement incorporated in a final decree of divorce.  The trial court awarded Wife attorney's fees and expenses associated with the enforcement of the alimony provision in the marital dissolution agreement and finding of civil contempt pursuant to Tennessee Code Annotated sections 29-9-104 and 36-5-103(c).  Husband appeals.  We affirm and remand for further proceedings consistent with this opinion.

**Tenn. R. App. R. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Adrian Altshuler and Venus Niner, Franklin, Tennessee, for the appellant, Terry Eugene Luker.

Sean R. Aiello, Franklin, Tennessee, for the appellee, Amy Elizabeth Luker.

### MEMORANDUM OPINION[1]

_____

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTS & PROCEDURAL HISTORY

On October 23, 2017, the parties executed a marital dissolution agreement ("MDA") and permanent parenting plan ("PPP"). On January 5, 2018, the trial court entered a final decree of divorce approving the MDA and PPP. The MDA required Terry Eugene Luker ("Husband") to secure his alimony obligation with a life insurance policy on his life in the amount of $1,260,000 with Amy Elizabeth Luker ("Wife") designated as beneficiary thereon for the duration of the alimony obligation. Additionally, Husband was allowed to reduce the face value of the policy by $60,000 each year. Husband was required to provide Wife with a copy of this policy within thirty days of entry of the final decree, and every year thereafter on the anniversary of the final decree.

On July 13, 2020, Wife filed a petition against Husband seeking enforcement of the MDA, mandatory injunctive relief, and findings of civil contempt pursuant to Tennessee Code Annotated section 29-9-104. Husband filed an answer on August 26, 2020. On March 16, 2021, Husband's attorney emailed a copy of an unsigned application for insurance to Wife's attorney. The proposed policy was to be held in Wife's name through Ohio National Financial Services with a policy issue date of October 28, 2020. On March 19, 2021, Husband's attorney emailed a copy of the signature page for the life insurance policy to Wife's attorney. On March 31, 2021, Husband's attorney emailed to Wife's attorney a copy of an additional signature page confirming Wife as a designated beneficiary, thereby satisfying the MDA's alimony provision.

On April 30, 2021, a hearing on the petition took place. On May 27, 2021, the trial court entered an order granting Wife's request for an award of attorney's fees and expenses associated with the enforcement of the alimony provision in the MDA and finding of civil contempt pursuant to Tennessee Code Annotated sections 29-9-104 and 36-5-103(c). Therefore, the trial court predicated its award of attorney's fees and expenses on two independent legal theories. Furthermore, the trial court specifically found that:

> [A]lthough Husband had the ability to, he did not maintain the requisite life insurance policy designating Wife as beneficiary for either 2019 or 2020 and did not obtain the same until October 28, 2020 after the filing of this present *Petition*. It is further undisputed that Husband did not provide complete proof of this coverage until March 31, 2021. The Court finds that Husband by act of omission, violated the Court's January 5, 2018 order.

As such, the trial court found Husband to be in civil contempt pursuant to Tennessee Code Annotated section 29-9-104 for his "willful and actual failure to adhere to the clear, lawful, and unambiguous" alimony provision in the MDA by not obtaining life insurance naming Wife as beneficiary to secure his alimony obligation until October 28, 2020, and not providing Wife proof of such continuing coverage until March 31, 2021. Husband filed a

motion to alter or amend the judgment, which the trial court denied. Husband then filed a motion to vacate the final order and set the motion to alter or amend for a hearing which was denied by the trial court by order entered on July 6, 2021. That same day, Husband timely filed his notice of appeal.

## II. ISSUES PRESENTED

Husband presents the following issues for review on appeal, which we have slightly restated:

1. Whether the trial court erred by entering a written opinion that contradicts the trial court's ruling from the bench; and
2. Whether the trial court erred when it found Husband in contempt.

Wife presents the following issues for review on appeal, which we have slightly restated:

1. Whether Wife is entitled to an award of attorney's fees associated with the cost of defending against this appeal.

For the following reasons, we affirm the decision of the trial court and remand for further proceedings consistent with this opinion.

## III. STANDARD OF REVIEW

In non-jury cases we review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review questions of law de novo with no presumption of correctness. *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017).

When a trial court makes findings of civil contempt, "the factual issues of whether a party violated an order and whether a particular violation was willful, are reviewed de novo, with a presumption of correctness afforded to the trial court's findings." *Lovlace v. Copley*, 418 S.W.3d 1, 17 (Tenn. 2013) (citing *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 356-57 (Tenn. 2008)). "A trial court's decision to hold a person in civil contempt is reviewed using the abuse of discretion standard." *Id.* "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka*, 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005)).

## IV.   DISCUSSION

### A.   *Contradiction*

Husband first argues that the trial court erred by entering a written opinion that contradicts the trial court's ruling from the bench.  As Wife recognized in her brief, Husband's brief lacked any legal argument on the first issue presented.[2]  Husband's brief was devoid of material discussion as to the issue presented and did not comply with the brief requirements of Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure.  Tenn. R. App. P. 27(a)(7).  "Courts have routinely held that the failure to . . . cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Burton v. Barna*, No. M2015-00132-COA-R3-CV, 2016 WL 769545, at *2 (Tenn. Ct. App. Feb. 26, 2016) (citing *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000)).  Because the appellant's brief did not comply with Rule 27 of the Tennessee Rules of Appellate Procedure, we held in *Burton* that we were unable to consider the issues he raised on appeal.  *Id.* at *2-3.  Likewise, we are unable to consider the first issue presented by Husband on appeal.

### B.   *Civil Contempt*

Husband's only remaining issue is whether the trial court erred when it found him in contempt.  At the outset, we note that Husband challenges only the finding of civil contempt, and not the trial court's award of attorney's fees under Tennessee Code Annotated sections 29-9-104 and 36-5-103(c).  As such, regardless of our finding on the civil contempt matter, the outcome of this appeal would in no way impact the relief granted by the trial court.  Wife characterizes this appeal as only seeking to remove the mere label of civil contempt.  In response, Husband argues that a finding of civil contempt is more than a mere label.  Husband states that he is a businessman who relies on his goodwill and good reputation, and court records are public records.  He further argues that if he was not in contempt at the time of the hearing, the trial court's ruling should reflect that fact.

"Contempt proceedings are traditionally classified as either 'civil' or [']criminal'; however, our Supreme Court has noted that 'contempt proceedings are neither wholly civil or criminal in nature and may partake of the characteristics of both.'" *Cremeens v. Cremeens*, No. M2014-01186-COA-R3-CV, 2015 WL 4511921, at *6 (Tenn. Ct. App. July 24, 2015) (quoting *Baker v. State*, 417 S.W.3d 428, 435 (Tenn. 2013)).  "Although both civil and criminal contempt involve punishment, '[i]t is not the fact of punishment, but

---

[2] Husband addressed this issue in his reply brief, but we have held "that deficiencies in initial briefs may not be corrected in reply briefs." *Shaw v. Gross*, No. W2017-00441-COA-R3-CV, 2018 WL 801536, at *4 n.5 (Tenn. Ct. App. Feb. 9, 2018) (citing *Withers v. Withers*, No. W2016-01663-COA-R3-CV, 2018 WL 625119, at *2 n.2 (Tenn. Ct. App. Jan. 30, 2018)).

rather its character and purpose, that often serve to distinguish between the two classes of cases.'" *Id.* (quoting *Baker*, 417 S.W.3d at 435). "Civil contempt occurs when a person does not comply with a court order and an action is brought by a private party to enforce rights under the order that has been violated." *Doe v. Bd. of Prof. Resp. of Sup. Ct. of Tenn.*, 104 S.W.3d 465, 473 (Tenn. 2003); *see Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996); *Robinson v. Air Draulics Eng'g Co.*, 377 S.W.2d 908, 912 (Tenn. 1964); *State v. Turner*, 914 S.W.2d 951, 955 (Tenn. Crim. App. 1995). In *Cremeens*, this Court thoroughly detailed the character and purpose of civil contempt:

> Civil contempt proceedings may serve two purposes. One purpose is to coerce future compliance with a trial court's order. When the goal of punishing a party for civil contempt is to obtain his or her compliance in the future, civil contempt is only available if the party has the present ability to comply with the trial court's order.
>
> Civil contempt may also serve a compensatory function, providing "relief to a party who has suffered unnecessarily as a result of contemptuous conduct." When the contempt at issue is the performance of a forbidden act, "the person may be imprisoned until the act is rectified by placing matters and person in status quo, or by the payment of damages." In cases of compensatory civil contempt, even when the conduct at issue has ceased, the disobedience of the court's order is not "rectified" until the offending party pays damages to make the other party whole.
>
> In the context of civil contempt, an award of attorney's fees is appropriate because it serves to compensate the prevailing party for the expenses incurred to obtain compliance with a court order.

*Cremeens*, 2015 WL 4511921, at *7 (citations and footnote omitted).

As the trial court in this case stated, civil contempt may consist of the failure to perform an act or the performance of a forbidden act. *Compare* Tenn. Code Ann. § 29-9-104, *with* Tenn. Code Ann. § 29-9-105. The trial court found Husband to be in civil contempt pursuant to Tennessee Code Annotated section 29-9-104 for his "willful and actual failure to adhere to the clear, lawful, and unambiguous" alimony provisions in the MDA by not obtaining life insurance naming Wife as beneficiary to secure his alimony obligation until October 28, 2020, and not providing her proof of such continuing coverage until March 31, 2021. Under Tennessee Code Annotated section 29-9-104, the statutory language regarding omissions in a contempt of court action states:

> (a) If the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, the person may be imprisoned until such person performs it.

(b) The person or if same be a corporation, then such person or corporation can be separately fined, as authorized by law, for each day it is in contempt until it performs the act or pays the damages ordered by the court.

Tenn. Code Ann. § 29-9-104.

We find *Stark v. Stark*, No. W2019-00650-COA-R3-CV, 2020 WL 507644 (Tenn. Ct. App. Jan. 31, 2020), to be instructive in this case. In that case, the appellant was held in civil contempt and incarcerated for four hours until she purged herself of the contempt. *Id.* at 4. On appeal, the appellant argued that the issue of contempt was not moot for three reasons: "(1) the contempt finding was a 'blight' on her record, (2) the contempt finding might be used against her in the divorce trial, and (3) an issue of attorney's fees had been reserved in the court." *Id.* at *6. We explained:

> This Court has repeatedly held that issues raised on appeal regarding civil contempt findings are moot if the contemnor has already purged himself or herself of contempt by the time the issue reaches this Court. "A case, or an issue in a case, becomes moot when the parties no longer have a continuing, real, live, and substantial interest in the outcome." *Hooker v. Haslam*, 437 S.W.3d 409, 417 (Tenn. 2014). For instance, in *Simpkins v. Simpkins*, 374 S.W.3d 413, 417 (Tenn. Ct. App. 2012), a husband was found in civil contempt for failure to pay health insurance premiums and failure to provide proof of life insurance. On appeal to this Court, the husband argued that the trial court erred by finding him in civil contempt without finding that he had the ability to comply with the orders he allegedly violated. *Id.* Because the husband had already "cured his contemptuous conduct" by paying the premiums and providing proof of insurance, we held that "the issue of civil contempt is moot." *Id.* at 418.
>
> In *Pfister v. Searle*, No. M2000-01921-COA-R3-JV, 2001 WL 329535, at *2 (Tenn. Ct. App. Mar. 28, 2001), the trial court found a mother in civil contempt and ordered her jailed until she delivered the parties' child for visitation. The mother was released when the child was produced the next day. *Id.* at *4. On appeal, the mother argued that the evidence did not support a finding that she willfully violated the order because it was confusing. *Id.* We held that "because the [mother] complied with the court's order to produce her child, thereby purging her civil contempt, that judgment is now moot, and we decline to address it." *Id.* at *1. "The validity of the trial court's order finding her in civil contempt [was] moot." *Id.* at *4. *See also In re A.G.*, No. M2007-0799-COA-R3-JV, 2009 WL 3103843, at *5 (Tenn. Ct. App. Sept. 28, 2009) (concluding that a mother's challenge to her sentence for criminal contempt was moot when she had already served the

sentence and it was "unclear what meaningful relief lies within the power of this court to give her at this point"); *Boggs v. Boggs*, No. M2006-00810-COA-R3-CV, 2007 WL 2353156, at *5 (Tenn. Ct. App. Aug. 17, 2007) (deeming the appellant's arguments regarding two civil contempt findings moot where the appellant paid the amount ordered and was released from custody).

*Id.* at *5.

Although a case may be moot, we noted that there are "exceptional circumstances" when it is appropriate to address the merits of an issue:

(1) when the issue is of great public importance or affects the administration of justice; (2) when the challenged conduct is capable of repetition and evades judicial review; (3) when the primary dispute is moot but collateral consequences persist; and (4) when a litigant has voluntarily ceased the challenged conduct.

*Stark*, 2020 WL 507644, at *5 (quoting *City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013)). We explained that "[t]he only exception arguably relevant in this case is 'when the primary subject of the dispute has become moot but collateral consequences to one of the parties remain.'" *Id.* (citing *Hooker*, 437 S.W.3d at 417-18). Ultimately, in considering the appellant's arguments, this Court declined to apply the collateral consequences exception to the mootness doctrine absent a showing by the appellant of specific prejudicial collateral consequences resulting from the trial court's finding of contempt. *Id.* at *7; *see Hudson v. Hudson*, 328 S.W.3d 863, 865-66 (Tenn. 2010) (dismissing an appeal as moot because the father "ha[d] not shown that we should refrain from dismissing his appeal as moot" by describing "prejudicial collateral consequences necessary to invoke this exception to the mootness doctrine").

As stated previously, the appellant in *Stark* argued that the finding of contempt would be a "blight" on her record and would possibly be used against her in her divorce trial. *Id.* at *6. We found those arguments to be unconvincing. *Id.* We cited *Bradford v. Bradford*, No. 86-262-II, 1986 WL 2874, at *2 (Tenn. Ct. App. Mar. 7, 1986), and *State v. Jenkins*, No. C/A 157, 1989 WL 124950, at *1 (Tenn. Ct. App. Sept. 13, 1989), holding that "Tennessee courts have not recognized the type of vague and speculative interests asserted by [the appellant] as sufficient 'prejudicial collateral consequences.'" *Id.* In *Bradford*, this Court rejected a similar argument to the one raised in *Stark*. *Bradford*, 1986 WL 2874, at *2. The appellant in *Bradford* argued that the issues raised on appeal were not moot because he "may continue to suffer consequences as a result" of the finding of contempt. *Bradford*, 1986 WL 2874, at *2. This Court found that argument "highly speculative," and was "not persuaded that the finding of contempt may still have 'some practical effect' in the future which would keep defendant's case from being moot." *Id.*

Additionally, in *Jenkins*, "an individual was held in contempt for failure to submit to a paternity blood testing but purged himself of contempt by submitting to the blood test." *Stark*, 2020 WL 507644, at \*6 (citing *Jenkins*, 1989 WL 124950, at \*1). On appeal, we held in *Jenkins* that the "challenges to the contempt order [were] moot since no meaningful relief [could] be rendered." *Jenkins*, 1989 WL 124950, at \*1.

Similarly, Husband argues that he is a businessman who relies on his goodwill and good reputation, and court records are public records. We find this argument unpersuasive. Our holding here is consistent with *Stark* and the case law cited therein, in that Tennessee courts have not recognized these vague and speculative interests under the collateral consequences exception to the mootness doctrine. *See Stark*, 2020 WL 507644, at \*6-7; *Jenkins*, 1989 WL 124950, at \*1; *Bradford*, 1986 WL 2874, at \*2. Therefore, we find this issue to be moot.[3]

### C. Attorney's Fees on Appeal

Wife raises one issue on appeal. We reiterate that Husband challenges only the finding of civil contempt, and not the trial court's award of attorney's fees under Tennessee Code Annotated sections 29-9-104 and 36-5-103(c). Thus, regardless of our finding on the civil contempt matter above, the outcome of this appeal in no way impacts the relief granted by the trial court. Wife characterizes this appeal as only seeking to remove the mere label of civil contempt. For this reason, Wife argues that this appeal is frivolous, and she presents the issue of whether she is entitled to an award of attorney fees associated with the cost of defending this appeal. Under Tennessee Code Annotated section 27-1-122, the statutory language regarding a frivolous appeal reads as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the

---

[3] We note that in *Stark*, this Court recognized that an entire appeal may not be moot if the trial court had awarded attorney's fees in connection with the finding of contempt. *Stark*, 2020 WL 507644, at \*6; *see Dockery v. Dockery*, No. E2009-01059-COA-R3-CV, 2009 WL 3486662, at \*2 (Tenn. Ct. App. Oct. 29, 2009). It may be necessary to address a contempt finding on appeal due to an outstanding issue regarding attorney's fees in relation to the contempt finding. *Stark*, 2020 WL 507644, at \*6.

However, in our case, the trial court predicated its award of attorney's fees and expenses on two independent legal theories. The trial court granted Wife's request for an award of attorney's fees and expenses associated with the enforcement of the alimony provision in the MDA and finding of civil contempt pursuant to both Tennessee Code Annotated sections 29-9-104 *and* 36-5-103(c). Moreover, Husband does not challenge the trial court's award of attorney's fees under either Tennessee Code Annotated section 29-9-104 or section 36-5-103(c). As such, we find that it is not necessary to address the contempt finding on appeal due to any outstanding issue regarding attorney's fees. *See Stark*, 2020 WL 507644, at \*6; *Sykes v. Sykes*, No. M2020-00261-COA-R3-CV, 2021 WL 4948061, at \*10 (Tenn. Ct. App. Oct. 25, 2021) ("[B]ecause the trial court predicated its award of fees on two independent legal theories and Husband challenges only one of those theories, we affirm the award of fees in light of Husband's waiver.").

appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "The award of damages for the filing of a frivolous appeal lies within the sound discretion of this Court." *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 547-48 (Tenn. Ct. App. 2005) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 341 (Tenn. 1985)). When considering whether an appeal is frivolous under Tennessee Code Annotated section 27-1-122, "[w]e must apply this statute strictly so that we do not discourage legitimate appeals." *Id.* at 547 (citing *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). "Consequently, imposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable—which is rare." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010); *see, e.g., Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938-39 (Tenn. 1992); *Davis*, 546 S.W.2d at 586.

The Tennessee Supreme Court has explained that "[a]n appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *GSB Contractors, Inc.*, 179 S.W.3d at 547 (citing *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)). As previously discussed, Husband's brief on appeal lacked any legal argument on the first issue presented. His brief was devoid of material discussion as to the issue presented and does not comply with the brief requirements of Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 27(a)(7). As for the second issue, we concluded that the issue was moot. Because Husband did not challenge the trial court's award of attorney's fees under either Tennessee Code Annotated section 29-9-104 or section 36-5-103(c), this appeal sought only the removal of the label of civil contempt. Therefore, we conclude that this appeal is frivolous. We therefore award Wife damages against Husband, including reasonable attorney's fees, the amount of which shall be determined by the trial court upon remand.

## V.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Terry Eugene Luker, for which execution may issue if necessary.

_____

CARMA DENNIS MCGEE, JUDGE